UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LYNNE KRUGER, MAXWELL KRUGER,
LAWSON KRUGER, and SHELDON KRUGER,

                 Plaintiffs,

          -against-

VIRGIN ATLANTIC AIRWAYS, LIMITED,

                 Defendant.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-2954 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs Lynne Kruger ("Mrs. Kruger"), Sheldon Kruger ("Mr. Kruger"), and their adult

sons Maxwell and Lawson Kruger filed this action alleging breach of contract, false arrest,

malicious prosecution, intentional infliction of emotional distress, negligence, and loss of

consortium against Defendant Virgin Atlantic Airways, Limited ("VAA"). Their allegations

relate to two problems they encountered with the airline: (1) one of their flights was cancelled,

and (2) prior to boarding a connecting flight in London, Mrs. Kruger was arrested for allegedly

assaulting a flight attendant, questioned, and released several hours later.

      Defendant and Plaintiffs both filed motions for summary judgment, which the court

referred to Magistrate Judge Reyes for a Report and Recommendation ("R&R"). (Dkts. 42-43.)

On August 13, 2013, Magistrate Judge Reyes issued his R&R (Dkts. 48), to which Plaintiffs

objected on August 30, 2013 (Dkt. 49). Having considered Plaintiffs' objections, the court

adopted the R&R with some modification to Judge Reyes's reasoning on specific points. (Sept.

20, 2013, Mem. & Order (Dkt. 53).) In doing so, the court granted Defendant's motion for

summary judgment and dismissed Plaintiffs' motion for partial summary judgment. On October

20, 2013, Plaintiffs moved for reconsideration under Federal Rule of Civil Procedure 59(e).

(Dkt. 54.) Defendants served their opposition to the motion on November 4, 2013 and Plaintiffs replied and filed the bundled motion papers on November 13, 2013. (Dkts. 56.) The court assumes the parties' familiarity with the factual background and earlier procedural history of the case.

For the reasons explained below, Plaintiffs' motion for reconsideration is DENIED.

## I.    STANDARD OF REVIEW

The standards for a motion for reconsideration Rule 59(e) and Local Rule 6.3 are identical. Regan v. Conway, 768 F. Supp.2d 401, 408 (E.D.N.Y. 2011) (citation omitted). Under either rule: "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir.,2013) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Arnold v. Geary, No. 09-CV-7299 (GWG), 2013 WL 5951489, at *2 (S.D.N.Y. Nov. 7, 2013).

The burden of proof is squarely on the moving party, which must demonstrate that the court failed to take into account information that "might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.The court has discretion to decide whether or not it erred, and its ruling will not

2

be overturned absent an abuse of that discretion.  McCarthy v. Manson, 714 F.2d 234, 237 (1983).

## I.    DISCUSSION

Plaintiffs' submissions repeat arguments that they previously raised in their objections and that the court rejected in its memorandum and order.[1] First, Plaintiffs argue that the court's decision that Mrs. Kruger was embarking at the time of the alleged tort for purposes of the Montreal Convention was clearly erroneous and that the court ignored facts and law. (Nov. 13, 2013, Pl. Mem. in Supp. of Mot. for Recons. (Dkt. 56-2) at 2-5.) They then argue that the court applied the wrong standard of review. (Reply at 5.) Finally, they seek to revisit the applicability of European Community Regulation 261/2004's compensation scheme. (Id.) Plaintiffs' arguments do not demonstrate that the court overlooked controlling law, nor bring to light new evidence, nor do they demonstrate that the court's ruling was clearly erroneous or works a manifest injustice. As a result, reconsideration of these issues is inappropriate.

### A. Montreal Convention Arguments

Plaintiffs argue that the Montreal Convention does not apply to the tort or torts arising from Mrs. Kruger's arrest at the direction of airline personnel. The Montreal Convention applies to accidents onboard or in the course of boarding of disembarking international flights. Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), May 28, 1999, 2242 U.N.T.S. 309, S. Treaty Doc. No. 106-45. If the Convention applies, it limits the damages a plaintiff can recover from an airline, and notably does not allow recovery for the type of emotional damages claimed by Plaintiffs. (Mem. & Order at 18-20.) As

---

[1] Although Plaintiffs' submissions challenge the underlying R&R, the posture of this litigation is a motion for reconsideration of this court's decision adopting the R&R, thus the court will refer to Plaintiffs as asking for reconsideration of its Memorandum and Order adopting the R&R.

Plaintiffs note, their argument about the scope of the Montreal Convention merely repeats the argument they made regarding this issue in their Objection to the R&R. (Mem. in Supp. at 3).

Although Plaintiffs state that the court's decision "conflicts with every modern Supreme Court case and Second Circuit case interpreting the Treaty," (id. at 2) they cite the same arguments and cases the court has already considered (id. at 2-3). To determine whether Mrs. Kruger was "embarking" her connecting flight at the time of her arrest, the court used the Second Circuit's four prong test, ultimately concluding that Mrs. Kruger was embarking. (Mem. & Order, at 14-22.) Other district courts have made similar determinations. See Shen v. Japan Airlines, 918 F. Supp. 686, 688 (S.D.N.Y. 1994); Singh v. N. Am. Airlines, 426 F. Supp. 2d 38 (E.D.N.Y. 2006).

Plaintiffs state that Mrs. Kruger did not have a boarding card because Defendant's employees took it from her prior to her arrest. This is not a new fact, but belongs to a fuller context elucidated by submissions by Plaintiffs in conjunction with their motion for summary judgment and response to Defendant's motion. (See, e.g., S. Kruger Dep., Ex. 8 to Pl. Mot. for Summ. J. (Dkt. 43) at 33:13-17, 37:20-24, 38:22-25 ("S. Kruger Dep.").)

Plaintiffs also argue, without case support, that whether Mrs. Kruger was embarking one of Defendant's planes is "immaterial" to the application of the Convention because many of her injuries occurred after she was arrested. However, the question of whether or not the alleged injury results from a tort that occurred when a passenger was on or was embarking or disembarking an aircraft determines whether the Montreal Convention covers the tort. Montreal Convention, art. 17.1.

Finally, Plaintiffs argue that Mrs. Kruger has a malicious prosecution claim against the airline and that this could not be covered by the Montreal Convention. (Mem. in Supp. at 3.) The

R&R noted that Defendant could not be held liable for its employee's intentional torts because "the requisite intent would remove her actions form the scope of her employment and thus absolve VAA from vicarious liability." (R&R at 22 n.8.) Plaintiffs had an opportunity to object to this recommendation and failed to do so. Thus, the court reviewed it for clear error and found none. Even if a motion under Rule 59(e) allowed new de novo review, the claim would fail for the reasons stated by Judge Reyes and because mere arrest without the institution of further criminal proceedings does not constitute malicious prosecution under New York law. Carson v. Lewis, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999).

**B. Summary Judgment Standard**

Plaintiffs argue that the court did not use the correct summary judgment standard because it did not take all evidence in the light most favorable to Plaintiffs as non-moving party and because a genuine dispute of material fact existed. (Reply at 3.) In fact, the court explicitly adhered to this standard. (Mem. & Order at 6-7 (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)).) Although the court must consider the evidence in the light most favorable to non-movant Plaintiffs, the facts asserted by the non-movant must consist of more than mere conclusions or speculation. See Patterson v. Cnty. of Onieda, N.Y., 375 F.3d 206, 219 (2d Cir. 2004); Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

**C. European Union Law**

Finally, Plaintiffs take issue with the court's decision regarding European Community Regulation 261/2004, which entitles passengers to compensation for flight delays and cancellation in certain circumstances. This issue, too, was previously analyzed. (Mem. & Order

at 10-14.) The court further found that Plaintiffs would not be entitled to compensation under the regulation because their flight was canceled due to weather conditions regardless of whether Regulation 261/2004 applies. (Id. at 13-14.) Thus, applying the regulation would not change the outcome of the case.

## II. CONCLUSION

Because they identify no new evidence, intervening change in controlling law, clear error, or manifest injustice, Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 13, 2013

NICHOLAS G. GARAUFIS
United States District Judge